Per Curiam.

Plaintiff sues for a declaratory judgment determining that emergency rent be fixed under chapter 273 of the Laws of 1946, upon the basis of the rent charged for the most nearly comparable business space or other satisfactory evidence. The complaint alleges that one of plaintiff’s predecessors in title, as landlord, leased to defendant, as tenant, for a term of two years commencing May 1, 1944, the 26th floor of a building known as 531-535 Fifth Avenue, borough of Manhattan, New York City, at a rental of $7,200 for the first year and $7,500 for the second year of said term. Section 13 of chapter 273 of the Laws of 1946 (amdg. Business .Bent Law, L. 1945, ch. 314) provided that upon the expiration of a lease in force since on or before June 1, 1944, wherein the rental stipulated is in a graduated scale, the emergency rent shall be a reasonable rent fixed upon the basis of the rent charged for the most nearly comparable business space in the same building or other rental area, or other satisfactory evidence. This statute was amended by section 13 of chapter 677 of the Laws of 1948 so as to render it inapplicable to leases for less than three years. The complaint alleges that prior to the expiration of this lease, plaintiff notified defendant that the emergency rent was $690 per month, and that in event of defendant’s election to continue in possession of the demised premises after the expiration of its lease, the emergency rent payable would be at the rate of $8,280 per annum. Defendant, it is further alleged, continued in possession and paid a monthly rent of $690 through January 31, 1949, when plaintiff discovered that it had made a mistake in computing the emergency rent at such sum. This mistake is stated to have been due to a mistaken interpretation of the statutory provisions fixing emergency rent upon the expiration of graduated leases, coupled with an assertion that chapter 273 of the Laws of 1946 prescribes the sole means by which the lawful emergency rent could have been fixed for the space demised by this lease. Had chapter 273 of the Laws of 1946 been applied, the complaint states, the annual rent would have been $10,912.
When this action was commenced, it is clear that this lease was not entitled to be treated as one wherein the rental stipulated is in a graduated scale, pursuant to this legislation, inasmuch as the statutory provisions applicable to such demises were limited by chapter 677 of the Laws of 1948 to leases for a term of more than three years. This lease was for two years. We think that plaintiff acquired no vested right under chapter 273 of the Laws of 1946 before it was amended in 1948, and is bound by the *430 emergency legislation in force when this action was begun and at the present time. The emergency rent laws were made applicable to leases previously in effect (Twentieth Century Associates v. Waldman, 294 N. Y. 571), and their constitutionality was sustained under the police powers of the State, notwithstanding what would otherwise be the impairment of the obligation of contracts by tenants to surrender possession on expiration of their leasehold estates. The rationale under which such emergency legislation is upheld precludes the existence of vested rights under such statutes which have been repealed or amended before suit under circumstances such as are here presented.
The order appealed from should be reversed and the defendant’s motion to dismiss the complaint should be granted, with $20 costs and printing disbursements.
Peck, P. J., Glennon, Callahan, Van Voorhis and Shientag, JJ., concur.
Order unanimously reversed, with $20 costs and disbursements to the appellant, the motion granted and judgment directed to be entered dismissing the complaint herein, with costs.